UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MOHAMED KAMARA,

    Plaintiff,

v.                                                      CASE NO.: 1:21cv23110-BB

MEDICREDIT, INC.,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
"NOTICE OF STRIKING ACTUAL DAMAGES"**

Comes now Medicredit, Inc. and submits this response to Plaintiff Mohamed Kamara's "Notice of Striking Actual Damages" (the "Notice," ECF 38).

Plaintiff alleges Medicredit violated 15 U.S.C. § 1692c(b) by disclosing information about his consumer debt to a letter vendor. The only court to agree that a debt collector violates § 1692c(b) by disclosing information about a consumer debt to a letter vendor was the Eleventh Circuit in *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016 (11th Cir. 2021). By order dated November 17, 2021, the Eleventh Circuit vacated its opinion in *Hunstein*. 17 F.4th 1103.

After *Hunstein* was vacated, Plaintiff moved to remand this case to state court, arguing that Medicredit could not show he has a concrete injury in fact sufficient to support standing and, in turn, that the Court has subject matter jurisdiction. (ECF 34). Medicredit opposed the motion to remand for two reasons. (ECF 37). First, the Plaintiff alleged he had sustained a "concrete injury in fact under Article III" and that the purported disclosure about his debt affected his reputation,

including his reputation for credit, truthfulness, solvency, and trustworthiness. (*Id.* at p. 1). Second, Plaintiff sought—and continued to seek in his First Amended Complaint—actual damages.

After Medicredit submitted that response, Plaintiff filed the Notice. Medicredit submits this response to underscore two points. The first is that Plaintiff's allegation that Medicredit's alleged disclosure affected his reputation continues to show as a matter of fact—although it is no longer included in his post-removal First Amended Complaint—that Plaintiff has (or, more precisely, alleges he has) an injury in fact sufficient for Article III purposes. Whether Plaintiff declines to pursue his "actual damages" is beside the point. Put otherwise, post-removal developments in a case do not and cannot oust a court of jurisdiction, so Plaintiff's determination to abandon his prior pleadings is immaterial. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) (in diversity case, events "occurring subsequent to the initiation of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction"); *see also* ECF 37 at pp. 3-4 and authorities cited therein.[1]

Second, the deadline for amending pleadings was November 16, 2021. (ECF 11, p. 2). The Notice purports to work an untimely amendment of Plaintiff's pleadings without leave. Thus, the Notice is improper under Fed. R. Civ. P. 16(b)(4), which provides a scheduling order may be modified only for cause and with the Court's consent. While Medicredit does not object to Plaintiff

---

[1] In his reply in support of remand (ECF 39), Plaintiff mistakenly argues that allegations from an original complaint simply vanish upon the filing of an amended complaint. While it is true that an amended complaint supersedes an original complaint and the original admissions no longer constitute binding judicial admissions, the original allegations may nonetheless be introduced subject to the pleader's right to explain the change. *See, e.g.*, *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547 *5 n.6 (S.D. Fla. May 25, 2012) (noting pleadings which have been superseded by amendment are admissible as admissions of the pleading party to the facts alleged therein). Here, Plaintiff has not explained his decision to omit in his FAC the allegations that Medicredit's alleged disclosures affected his reputation.

withdrawing his claim for actual damages, and considers that Plaintiff's doing so does not affect the remand analysis, Medicredit objects to Plaintiff's untimely and improper effort to bolster his motion to remand after the time Medicredit already responded.

In short, Medicredit emphasizes that the Notice changes nothing with respect to Plaintiff's motion to remand, which still should be denied.

Respectfully submitted,

/s/ Drew P. O'Malley
Drew P. O'Malley
Florida Bar No. 106551
SPENCER FANE LLP
201 North Franklin Street, Suite 2150
Tampa, FL 33602
Phone: 813-424-3500
Facsimile: 813-405-8904
domalley@spencerfane.com
ecoutu@spencerfane.com
Counsel for Medicredit, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 8th day of December, 2021, I filed a copy of the foregoing electronically with the Clerk of Court via ECF, which caused a copy of the foregoing to be delivered electronically to all counsel of record, as follows:

JIBRAEL S. HINDI, ESQUIRE
THOMAS J. PATTI, ESQUIRE
The Law Offices of Jibrael S. Hindi
110 SE 6th St., Suite 1744
Fort Lauderdale, FL 33301
Telephone: (954) 907-1136
Fax: (855) 529-9540
jibrael@jibraellaw.com
tom@jibraellaw.com

*Counsel for Plaintiff*

/s/ Drew P. O'Malley
Attorney