UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23110-BLOOM/Otazo-Reyes

MOHAMED KAMARA,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.
_____/

**ORDER ON MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Mohamed Kamara's ("Plaintiff") Motion to Remand, ECF No. [34] ("Motion"). Defendant Medicredit, Inc. ("Defendant") filed a Response in Opposition, ECF No. [37] ("Response"), to which Plaintiff filed a Reply, ECF No. [39] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.  BACKGROUND**

Plaintiff filed this action on July 24, 2021, in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1-1]. Defendant removed the case to federal court on August 27, 2021, *see* ECF No. [1], and Plaintiff subsequently filed his First Amended Complaint ("FAC") asserting that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), *see* ECF No. [19]. Plaintiff thereafter filed the instant Motion, arguing that the Court should remand the case because Defendant has not established a concrete injury-in-fact necessary for standing. *See* ECF No. [34] at 1. Plaintiff also seeks an award of attorneys' fees and

costs incurred during the removal pursuant to 28 U.S.C. § 1447(c). *See id.* at 3. Defendant responds that Plaintiff alleges a concrete injury-in-fact because Plaintiff seeks, *inter alia*, "actual damages." *See* ECF No. [37] at 3. Plaintiff subsequently filed a Notice of Striking Actual Damages, ECF No. [38] ("Notice"), omitting his claim for actual damages. Plaintiff argues in his Reply that because he is not seeking actual damages, Defendant has not established a concrete injury-in-fact. *See* ECF No. [39] at 1. Defendant filed a Response to Plaintiff's Notice of Striking Actual Damages, ECF No. [40] ("Response to Notice"), contending that Plaintiff's Notice is an improper attempt to amend Plaintiff's pleadings.

## II. LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. *See id.* § 1332(a). A removing defendant bears the burden of showing that federal jurisdiction is proper. *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014).

In addition, the Supreme Court has established that the party invoking federal jurisdiction bears the burden of establishing the irreducible constitutional minimum of standing. *See Lujan v. Defs. of Wildlife*, 112 S. Ct. 2130, 2136 (1992) (citing *FW/PBS, Inc. v. Dallas,* 110 S.Ct. 596, 608 (1990); *Warth v. Seldin*, 95 S.Ct. 2197, 2210 (1975)). Standing contains three elements. "First, the plaintiff must have suffered an injury-in-fact, which is an invasion of a legally protected interest

that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's Motion to Remand is premised on the contention that there is no injury-in-fact for standing, but Plaintiff does not explain why Plaintiff has not suffered an injury-in-fact. *See generally* ECF No. [34] at 1. However, upon a review of the FAC, it appears that Plaintiff's argument is based on the Eleventh Circuit's decision to vacate its *Hunstein* opinions and to rehear the case *en banc*. According to the FAC, Plaintiff's claims are premised on the now-vacated *Hunstein* opinions, which held that a debt collector's transmission of information about a consumer debt to a third-party is a violation of the FDCPA. *See* ECF No. [19] ¶ 27 (citing *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341, 1344 (11th Cir.), *opinion vacated and superseded on reh'g*, 17 F.4th 1016 (11th Cir. 2021), *reh'g en banc granted, opinion vacated*, 17 F.4th 1103 (11th Cir. 2021)). Defendant responds that because Plaintiff seeks actual damages – in addition to statutory damages under the FDCPA – Plaintiff alleges to have suffered an injury-in-fact for standing purposes irrespective of the *Hunstein* vacatur. *See* ECF No. [37] at 3. In an attempt to avoid that pleading reality, Plaintiff sought, through his Notice of Striking, to remove his claim for actual damages from the FAC. *See* ECF No. [38].

#### A. Notice of Striking Actual Damages

The Court first addresses whether Plaintiff's Notice of Striking Actual Damages was

3

proper. Plaintiff's Notice states that Plaintiff's request for "actual damages," which appears in both counts of the FAC, were the result of a "scrivener's error." ECF No. [38]. Defendant responds that the Notice improperly attempts to amend Plaintiff's FAC without leave of Court. *See* ECF No. [40] at 2.

The Court agrees with Defendant. The Court is not persuaded that the inclusion of "actual damages" in two separate counts were each scrivener's errors. Actual damages are material parts of the final relief that Plaintiff seeks in the "WHEREFORE" paragraphs for both counts. ECF No. [19] ¶¶ 32, 45. The Court finds it unlikely that Plaintiff made multiple scrivener's errors in setting forth the relief that he seeks. Rather, as Defendant correctly argues, it appears that Plaintiff is attempting to amend his FAC without the Court's consent and to circumvent the Court's Scheduling Order, ECF No. [11]. According to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." In this case, the deadline to amend the pleadings was November 16, 2021. ECF No. [11] at 2. The Notice was filed on December 7, 2021, after the deadline to amend the pleadings and without the Court's consent. Therefore, the Court determines that the Notice was an untimely and improper attempt to amend the pleadings.

**B. Injury-in-fact**

The Court now addresses whether Plaintiff alleges an injury-in-fact to establish standing. As stated above, Plaintiff does not state why he has not suffered an injury-in-fact in his Motion to Remand. *See generally* ECF No. [34]. However, in Plaintiff's initial Complaint and FAC, Plaintiff alleges that he suffered a "concrete injury in fact under Article III[.]" ECF Nos. [1-1] ¶ 35 (quoting *Hunstein*, 994 F.3d at 1344), [19] ¶ 31 (same). Presuming that Plaintiff's Motion to Remand is based on the *Hunstein* vacatur, Defendant argues that, regardless of the *Hunstein* vacatur and rehearing, Plaintiff has alleged that he suffered an injury-in-fact because he seeks actual damages

in addition to statutory damages and because the initial Complaint includes allegations of reputational harm. *See* ECF No. [37] at 2-4.

The Court agrees with Defendant. The Eleventh Circuit and several sister circuits have established that "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 120 S.Ct. 693, 704 (2000) ("[W]e have an obligation to assure ourselves that [the plaintiffs] had Article III standing at the outset of the litigation.")); *see also Cleveland Branch, NAACP v. City of Parma,* 263 F.3d 513, 524 (6th Cir. 2001) ("[S]tanding does not have to be maintained throughout all stages of litigation. Instead, it is to be determined as of the time the complaint is filed."); *Becker v. Fed. Election Comm'n,* 230 F.3d 381, 386 n. 3 (1st Cir. 2000) (noting that "standing is to be assessed under the facts existing when the complaint is filed") (citation and internal quotation marks omitted); *White v. Lee,* 227 F.3d 1214, 1243 (9th Cir. 2000) ("Standing is examined at the commencement of the litigation.") (citation and internal quotation marks omitted); *Carr v. Alta Verde Indus., Inc.,* 931 F.2d 1055, 1061 (5th Cir. 1991) ("As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint, and subsequent events do not deprive the court of jurisdiction.").[1]

In this case, Plaintiff's initial Complaint sought actual damages for reputational harm that Plaintiff allegedly suffered. ECF No. [1-1] ¶¶ 23, 36. As such, Plaintiff alleged an injury-in-fact – separate and apart from the statutory damage for which he may not have standing – at the start of

---

[1] Although Plaintiff cites two cases holding that an amended complaint supersedes the original complaint, Plaintiff fails to provide any legal authority suggesting that standing should be analyzed based on the amended complaint alone. *See* ECF No. [39] at 2 (citing *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006); *Fritz v. Standard Sec. Life Ins. Co*., 676 F.2d 1356, 1358 (11th Cir. 1982)).

the litigation. *See Transunion LLC v. Ramirez*, 141 S.Ct. 2190, 2204 (2021) (holding that reputational harm is an injury-in-fact). Further, as it stands, Plaintiff still seeks actual damages in the FAC, which constitute allegations of an injury-in-fact for standing purposes. As such, Defendant has met its burden of establishing sufficient allegations of an injury-in-fact, irrespective of the pending *Hunstein* decision.[2]

### C. Attorneys' Fees and Costs

Plaintiff also requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which states, in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because this Court denies Plaintiff's Motion to Remand, Plaintiff's request for attorneys' fees and costs is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [34]**, is **DENIED**.
2. Plaintiff's Notice, **ECF No. [38]**, is **STRICKEN**.
3. Plaintiff shall file a Response to Defendant's Motion to Dismiss, **ECF No. [23]**, on or before **January 26, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2022.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[2] Given the Court's determination, the Court need not address Defendant's argument in the alternative in which Defendant seeks to depose Plaintiff to better ascertain Plaintiff's claim for actual damages. *See* ECF No. [37] at 5.