UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23110-BLOOM/Otazo-Reyes

MOHAMED KAMARA,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.

_____/

## ORDER STAYING CASE

**THIS CAUSE** is before the Court upon Plaintiff Mohamed Kamara's ("Plaintiff") Motion to Stay, ECF No. [46] ("Motion"), filed on January 28, 2022. In the Motion, Plaintiff requests that the Court stay the case pending a final decision by the Eleventh Circuit in *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434-HH (11th Cir. 2021). *See id.* Defendant Medicredit Inc. ("Defendant") filed a Response in Opposition, ECF No. [47] ("Response"), arguing that the Eleventh Circuit's decision in *Hunstein* may be months away and likely will not offer dispositive guidance. To date, Plaintiff has not filed a Reply to Defendant's Response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

"[T]he Eleventh Circuit has approved of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Stoll v. Musculoskeletal Inst., Chartered*, No. 8:20-cv-1798-CEH-AAS, 2021 WL 632622, at *2 (M.D. Fla. Feb. 18, 2021) (citing *Ring v. City of Gulfport*, No. 8:20-CV-593-T-33CPT, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020); *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)). In determining

the propriety of a stay, courts generally consider: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Ring*, 2020 WL 3895435 at *2 (citing *Warren v. Cook Sales, Inc.*, No. CV 15-0603-WS-M, 2016 WL 10807227, at *1 (S.D. Ala. Mar. 10, 2016)).

Here, the Court first notes that the case is at an early stage. *See* ECF No. [11]. Second, no party will be prejudiced by the stay since there are no case management deadlines that are imminent. *See id.* Third, a stay will simplify the issues and streamline the trial because the *en banc* rehearing will determine whether Plaintiff has standing to sue for statutory damages. Although the Court determined that Plaintiff has established standing to sue based on Plaintiff's claim for actual damages, *see* ECF No. [43], the *Hunstein* decision will allow the Court to ascertain whether Plaintiff may also assert a claim for statutory damages. Fourth, for the same reason, a stay pending the resolution of *Hunstein* will reduce the burden on the Parties and the Court. As Plaintiff rightly argues, a stay will allow the Court "to avoid issuing a dispositive [o]rder in the midst of an uncertain legal environment." *Jacobs v. Ocwen Loan Servicing, LLC*, No. 16-62318-Civ-Scola, 2017 WL 1733855 (S.D. Fla. April 14, 2017) (*quoting Coatney v. Synchrony Bank*, No. 16-cv-389-Orl-22TBS, 2016 WL 4506315, at *2 (M.D. Fla. Aug. 2, 2016)).[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [46]**, is **GRANTED**.

---

[1] Defendant's Response assumes that if the Eleventh Circuit held that the plaintiff in *Hunstein* lacked standing, such a "holding would have no bearing on this case, because the Court already has found that Plaintiff adequately alleged a concrete injury-in-fact notwithstanding the vacatur of *Hunstein II*." ECF No. [47] at 3. However, as noted above, Defendant's argument is unpersuasive since such a holding would allow the Court to forego consideration of statutory damages.

Case No. 21-cv-23110-BLOOM/Otazo-Reyes

2. This case is **STAYED** pending the Eleventh Circuit Court of Appeals' final disposition of *Hunstein v. Preferred Collection & Management Services, Inc.*, 19-14434 (11th Cir. 2021).

3. Upon the Eleventh Circuit Court of Appeals' final disposition of *Hunstein*, the parties shall **FILE** a motion to lift the stay and reopen the case.

4. Upon application for good cause shown, a party may seek an earlier termination of the stay, subject to the other parties' right to contest such early termination, by (i) making a request to the Court, and (ii) transmitting notice to all counsel of record via e-mail.

5. **Within twenty-one (21) days** after the stay in the above-captioned action is lifted for any reason, the parties shall prepare and file a joint scheduling report. The joint scheduling report shall include all information required by Local Rule 16.1(b)(2) and (3).

6. The Clerk of Court shall **CLOSE** the case for administrative purposes.

7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 23, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record